UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Robert Donald Peters[1],

        Debtor.
_____)

Chapter 11
Case No. 20-31220-JDA
Hon. Joel D. Applebaum
(Jointly Administered)

# STIPULATED ORDER CONFIRMING THE DEBTORS' COMBINED PLAN OF LIQUIDATION AND GRANTING FINAL APPROVAL OF DISCLOSURE STATEMENT

This matter having come before the Court for confirmation of Debtors' Combined Plan of Liquidation and final approval of the Disclosure Statement at a telephonic hearing conducted on May 19, 2021, at which time the Court was advised that all written objections to confirmation had been resolved, but that the Office of the Trustee had an oral objection to confirmation of the Plan as to Debtor, Interstate Fire Protection, Inc. Following argument of the parties, and for the reasons stated on the record, the Court finds:

    1.    The Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on July 8, 2020 (the "Petition Date");

---

[1] The Debtors in these jointly administered proceedings are: Robert Donald Peters; and Interstate Fire Protection, Inc., Case No. 20-31252.

2. An Order Granting Preliminary Approval of Debtors' Combined Plan of Reorganization and Disclosure Statement (the "Plan") was entered on March 29, 2021.

3. All objections to the Plan have been withdrawn or overruled;

**NOW THEREFORE**, the Court finds and holds:

A. The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code;

B. The Plan has been proposed in good faith and not by any means forbidden by law;

C. All payments made or promised by the Debtors under the Plan or by any other person for services or for costs or expenses, or in connection with the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan, will be subject to approval by the Court;

D. The identity, qualifications and affiliations of the persons who are to be directors or officers, if any, of the Debtors after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices, or their continuance, is equitable, and consistent with the interests of the creditors and equity security holders;

E. The identity of any insiders that will be employed or retained by the Debtors and their compensation has been fully disclosed;

F. The Debtors' current business does not involve the establishment of rates over which any United States regulatory commission has or will have jurisdiction after Confirmation. Section 1129(a)(6) of the Bankruptcy Code is thus not applicable to this Chapter 11 Case;

G. The Plan does not discriminate unfairly;

H. The Plan is fair and equitable with respect to each class of claims or interest that is impaired under, and has not accepted the Plan;

I. The Plan's treatment of Administrative Claims satisfies the requirements of § 1129(a)(9) of the Bankruptcy Code;

J. After confirmation of the Plan, there is not likely to be the need of further financial reorganization of the Debtors; and

K. The modification of the Plan as provided in this Order is made before confirmation pursuant to §1127(a) of the Bankruptcy Code. The Plan, as modified, meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code.

The Court is otherwise fully advised in this matter.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** as follows:

1. The Plan, and each of its provisions, as amended by this Order is confirmed in each and every respect pursuant to § 1129 of the Bankruptcy Code.

2. The Plan is valid and enforceable pursuant to its terms and all parties in interest are authorized and empowered, or enjoined, as the case may be, to act in accordance with its terms. The terms of the Plan and any exhibits thereto, are incorporated by reference into, and are an integral part of, this Confirmation Order. The terms of the Plan, all exhibits thereto, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date of the Plan. Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3. The Debtors shall pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for all quarters completed for which payment is currently due within 10 days after entry of this order and shall continue to remit quarterly fee payments based on all disbursements until the case is closed by order of the court.

4. The Debtors' disclosure statement contained in the Combined Plan and Disclosure Statement contains adequate information as required by § 1125 of the Bankruptcy Code and entry of this Confirmation Order constitutes final approval of the Disclosure Statement.

5. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

6. Article I is amended as follows:

1.1 **"Administrative Claim"** means costs and expenses of administration of the relevant Chapter 11 cases allowed under §§ 503(b) and 507(a) of the Bankruptcy Code, any and all taxes incurred during the pendency of this case and the fees of the United States Trustee under 28 U.S.C. § 1930(a)(6).

7. Article II is amended as follows:

2.1 **IFP GROUP I**. The Claims of IFP Group I shall consist of all Administrative Expenses, including the claims of taxing authorities, that qualify as Administrative Expenses. The Allowed Claims of this Group shall be paid the full amount of their Claims on such date as may be mutually agreed upon between Debtor IFP and the particular claimant, or, if no such date is agreed upon, the latest of (i) the Effective Date, (ii) the date by which payment would be due in the ordinary course of business between Debtor IFP and such Administrative Creditor, or (iii) the date on which the Bankruptcy Court enters its order, if necessary, approving Debtor IFP's payment of such expenses. Debtor IFP believes that the only Administrative Expenses are amounts owed to Debtor, IFP's counsel, Steinberg Shapiro & Clark, in the approximate amount of $5,000; Financial Consultant, Rehmann Robson in the approximate amount of $4,000 and potentially, the IRS, for any unpaid taxes

accruing during the pendency of these proceedings. The Surcharged Funds and the IFP Liquidation Proceeds may be used to pay Administrative Expenses in Group I. Any amounts owed to the United States Trustee shall be paid out of the Surcharged Funds and the IFP Liquidation Proceeds if not paid in the ordinary course. Any remaining Surcharged Funds or IFP Liquidation Proceeds shall be used to fund further Plan payments.

    2.2   **PETERS GROUP II.** The Claims of Peters Group II shall consist of all Priority Creditors entitled to receive priority for their Allowed Claims under §507(a)(5) of the Bankruptcy Code or otherwise. These claims shall be paid to the extent of available funds after the payment of Administrative Expenses, Peters Group I claims. It is anticipated that there will be funds sufficient to pay the Peters Group II Claims in full, from the $55,000 (funds on hand currently), plus the Peters Liquidation Proceeds. The following claims have been asserted which comprise Peters Group II:

| | | |
|---|---|---:|
| Sprinkler Fitters 704 Defined Contribution Fund | Priority | 53,188.24 |
| National Automatic Sprinkler Industry Trust Funds | Priority | 46,324.70 |

    2.3   **PETERS GROUP III.** The Claims of Peters Group III shall consist of all other Priority Creditors entitled to receive priority for their Allowed Claims

under §507(a)(8) of the Bankruptcy Code. These claims shall be paid to the extent of available funds after the payment of Administrative Expenses and Peters Group II claims. It is estimated that there will be funds sufficient to pay the Peters Group III claims in full from the remaining Peters Liquidation Proceeds after payment of Peters Group II claims, estimated to be in the range of $3-400,000. The following claims have been asserted which comprise Peters Group III:

| Department of the Treasury – IRS | Priority | 22,067.04 |
|---|---|---|
| Michigan Department of Treasury | Priority | 103,660.96 |

Additionally, Debtor Robert Peters agrees that he is responsible for the Trust Fund Recovery Penalty ("TFRP"), pursuant to 26 U.S.C. § 6672, related to the trust fund portion of the unpaid IRS Form 941 liabilities of Interstate Fire Protection, Inc. Debtor Robert Peters has cooperated, and will continue to cooperate in good faith, with the TFRP investigation in order to allow the IRS to timely assess the TFRP against him. Debtor and the IRS expect the additional liabilities will be approximately $350,000. Debtor and the IRS further agree that the TFRP liabilities are entitled to priority classification, pursuant to 11 U.S.C. § 507(a)(8)(C), and shall be treated as a Peters Group III claim.

8. Article III is amended as follows:

**PETERS CLASS 2:**     **<u>SELECT PORTFOLIO SERVICING</u>**
                        3495 Kensington Road, Milford, MI 48380

This class is made up of the secured claim of Select Portfolio Servicing in the amount of $331,766.26. Select Portfolio Servicing has a first priority mortgage lien on 3495 Kensington Road Milford, MI 48380 Livingston County (the "Milford Property"). On the date of filing and at confirmation the property was fully secured. The Milford Property shall be liquidated as set forth herein, and proceeds of the sale shall be paid at the closing to Select Portfolio Servicing in full satisfaction of its mortgage loan, subject to a contractual payoff statement or letter in writing at the time of sale accepting less than the contractual amount owed. Select Portfolio Servicing had a prepetition claim for arrears. The contractual payment arrears have been brought current. There does remain on the loan all prepetition fees and loan level advances. The prepetition and postpetition fees and loan level advances will be paid upon sale of the property or at maturity, whichever occurs first. Upon confirmation, Select Portfolio Servicing will be granted relief from the stay and all terms of the original Note and Mortgage are reinstated and remain intact. Until being paid in full, Select Portfolio Servicing shall retain their lien rights. Debtor will continue making regular mortgage payments pursuant to the mortgage and note and if Debtor fails to make the required payment then Select Portfolio Servicing may proceed with its state court remedies with respect to its collateral notwithstanding the anticipated sale of the property. There will be no discharge of this loan or waiver of deficiency if the property is liquidated at a lesser value in the future. This class is impaired.

**PETERS CLASS 3:**     **<u>AMERICREDIT FINANCIAL SERVICES, INC.</u>**
                        **<u>D/B/A GM FINANCIAL</u>**
                        2018 Chevrolet Silverado

This class is made up of the secured claim of GM Financial in the amount of $48,335.92 as of the Petition Date plus $613.00 in attorney fees, less all payments made during the bankruptcy which shall be applied to principal pursuant the Order Resolving GM Financial's Motion for Relief from Stay at Docket No. 128. The parties agree that the principal balance upon confirmation is $9,500, including all pre- and post-filing interest and fees, including the attorney fees awarded as part of the Order entered on January 12, 2021 [docket no. 128]. This class shall continue to receive monthly payments of $900 per month until the secured claim of GM Financial has been paid in full. GM Financial shall be entitled to 4.75% post-confirmation interest. Until being paid in full, GM Financial shall retain its lien rights. The Debtor shall be required to make all payments on a timely basis and

maintain full coverage insurance on the vehicle until the debt is paid in full. In the event there is a default in payments or a failure to maintain insurance before the debt is paid in full, GM Financial will provide the Debtor with notice of the default and that unless the default is cured within twenty-one (21) days after notice, GM Financial shall have the right to file an affidavit of default and obtain relief from the automatic stay without further notice of hearing. This class is impaired.

    9.    Article IV is amended as follows:

Peters shall retain a licensed real estate broker/agent to market and sell the real estate interests in a commercially reasonable manner, which shall be completed on or before March 1, 2022. The net proceeds of sale shall be distributed pursuant to the Plan, but on or before March 30, 2022. The failure to meet either of these deadlines shall constitute a default as referred to in Paragraph 17 of this Order. All assets liquidated pursuant to the Plan shall be sold free and clear of all liens, claims, encumbrances and interests, which shall attach to the net proceeds pursuant to their prepetition priority except as provided in this Plan and Order Confirming the Plan. Purchasers of assets pursuant to the Plan shall be good faith purchasers entitled to all rights under, inter alia, 11 U.S.C. section 363(m). Sales and liquidations pursuant the Plan shall "not be taxed under any law imposing a stamp tax or similar tax" and shall not be subject to transfer taxes pursuant to 11 U.S.C. section 1146(a).

    10.    Article V is amended as follows:

5.2    **Discharge:**

Upon all payments being made as required under the plan with respect to Debtor Peters, Debtor Peters shall receive a discharge as contemplated by 11 U.S.C. §§524 and 1141, such discharge being as broad and all-inclusive as provided by law. For purposes of clarification, Debtor, Interstate Fire Protection will not receive a discharge in these proceedings.

Moreover, the tax liabilities of Robert Peters shall not be discharged in these proceedings.

11. All requests for payment of an Administrative Claim including professionals must be filed with the Court and served on counsel for the Debtors within thirty (30) days from the date of entry of this Confirmation Order except as otherwise provided herein. Notwithstanding the foregoing and any other provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26. Payment of any and all administrative claims of the IRS shall be on or before the Effective Date if the payment is otherwise required under non-bankruptcy law or, if the payment is not yet then required, by the date required under that same law.

12. In the event of a conversion of this case post-confirmation to a Chapter 7 proceeding, all property of the Debtors, Debtors-in-Possession, Reorganized Debtors, Liquidating Trustee or any successor to the Debtors including all property which will re-vest in the Reorganized Debtors pursuant to confirmation of the plan of reorganization and all property acquired by the Reorganized Debtors subsequent to plan confirmation, shall be property of the Chapter 7 Estate.

13. The Debtors shall file monthly Post-Confirmation Disbursement Reports and shall continue to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) until this case has been closed by the Court or dismissed or converted to a Chapter 7 case. The Debtors, Reorganized Debtors and any Successor to the Debtors will be jointly and severally liable for the payment of all quarterly fees due after the Effective Date, including all fees payable in the event that the case is reopened after it has been closed, converted, or dismissed. Fees due the United States Trustee as charges assessed against the estate under chapter 123 of Title 28 are not expenses of administration but are entitled to priority pursuant to 11 U.S.C. § 507(a)(2).

14. The claim amounts set forth in duly filed claims by the IRS shall control as to the amount of such claim unless otherwise ordered by this Court following an objection to such claim.

15. The IRS claim is entitled to the statutory rate of interest in effect at the time of confirmation, pursuant to 11 U.S.C. § 511(a)-(b).

16. The destruction of any records under Section 4.1.1 of the Plan may not be used by Debtors to justify an inability to comply with any legal, administrative or investigative rule or process that may be covered by its own document retention requirements.

17. The following default language shall apply:

Upon failure of the debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of the Service, or a failure to meet the timeframes for liquidating any asset, which failure is not cured within 15 days of the mailing of a written notice of default by the Service, the Service may, without further order of this Court, exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court.

18. Sprinkler Fitters Local 704 Fringe Benefit Funds and National Automatic Sprinkler Industry Trust Funds shall forthwith file ballots consistent with their oral acceptances indicated at the hearing on confirmation.

19. Following the filing of the Sprinkler Fitters Local 704 Fringe Benefit Funds and National Automatic Sprinkler Industry Trust Funds ballots with the Court, the Debtor shall file an amendment to the Ballot Summary filed at docket no. 186 in this matter.

**Signed on May 20, 2021**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**